## Barlow *et al. v.* The Planters' Bank.

When a note falls due on Sunday, payment should be demanded on the Saturday; and
  it will be in season to give notice to the indorsers, on the following Monday.
Where an instruction is improperly refused when asked by one party, but the law cor-
  rectly stated at the instance of the other, it will not be error.

IN ERROR from the circuit court of the county of Adams.

This action was founded on a note for seven hundred and fifty
dollars, made by A. Brown, and indorsed by N. Barlow and R.
Stuart.

Declaration in common form, general issue and judgment for
plaintiff. The bill of exceptions stated, the court was requested
to charge " that the first day of February, 1837, is not to be inclu-
ded in the computation of the time the bill had to run," which
was refused. The plaintiff asked the court to charge that " the
note sued on, being payable thirteen months after the first day of
February 1837, was due and payable on the first and fourth of
March 1838, and if payment was demanded on the third day of
March, and the fourth was Sunday, and notice was given on the
fifth, such demand of payment and notice of protest for non-pay-
ment was regular, and sufficient to charge the indorsers," which
instruction was given.

VANNERSON for plaintiff in error.

MONTGOMERY *contra.*

Although the first instruction asked by defendants was law, and
should have been given, yet as the instruction if given, and all the
weight attached to it which the jury would have been warranted

Barlow *et al. v.* The Planters' Bank.

in, it would not have entitled the defendants to a verdict. The only question was, when was said note due and payable, and the instruction moved for by the plaintiffs below, defined the rule correctly and fully. It could not be of any importance to charge the jury to omit the first day of February 1837, except for the purpose of ascertaining the day on which the note matured, which question was correctly settled by the charge given. Bayley on Bills, 238–236, note; Espinasse, 261.

*Per Curiam.*

The only question in this case is, whether a note payable thirteen months after the first day of April 1837, was due and payable on the first and fourth of March 1838? And we were of opinion that it was; and that if payment was demanded on the third day of March, the fourth being Sunday, and notice of non-payment was given on the fifth, it was sufficient to charge the indorsers. See Chitty on Bills, 406; 3 Brod. & Bing. 187; 7 Eng. Com. Law Rep. 403; Bayley on Bills, 236–238, note.

Judgment affirmed.